UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re PARMALAT SECURITIES LITIGATION

This document relates to:   04 Civ. 0030

MASTER DOCKET
04 MD 1653 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OPINION

Appearances:

        Steven J. Toll
        Lisa M. Mezzetti
        Mark S. Willis
        Julie Goldsmith Reiser
        Joshua S. Devore
        COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

        Stuart M. Grant
        James J. Sabella
        John C. Kairis
        Diane Zilka
        GRANT & EISENHOFER, P.A.

        *Attorneys for Plaintiffs*

        Michael J. Dell
        Scott Ruskay-Kidd
        Craig L. Siegal
        KRAMER LEVIN NAFTALIS & FRANKEL, LLP
        *Attorneys for Defendants Deloitte Touche Tohmatsu and James E. Copeland*

        Daniel F. Kolb
        DAVIS POLK & WARDWELL, LLP
        *Attorneys for Defendant Deloitte & Touche, LLP*

LEWIS A. KAPLAN, *District Judge.*

Deloitte Touche Tohmatsu ("DTT"), Deloitte & Touche, LLP, and James E. Copeland (collectively, "Deloitte") previously moved for summary judgment dismissing the complaint on the ground that there is no basis for holding them vicariously liable for the alleged fraud of their affiliate, Deloitte & Touche S.p.A. ("Deloitte Italy"). The Court denied the motions in opinions familiarity with which is assumed, holding in substance that there are genuine issues of material fact as to whether Deloitte Italy was an agent or subagent of and/or controlled by the moving defendants and that *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*,[1] does not foreclose liability on an agency theory.[2] Deloitte now moves for an order, pursuant to Section § 1292(b) of the Judicial Code,[3] certifying for interlocutory appeal the following questions: (1) whether DTT may be held liable under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act")[4] based on a common law theory of vicarious liability after *Stoneridge* and (2) whether plaintiffs must prove that Deloitte "culpably participated" in the alleged Section 10(b) violation by Deloitte Italy in order to succeed at trial on the claims under Section 20(a) of the

---

[1] 128 S. Ct. 761 (2008). The Deloitte defendants argue also that the Court must grant summary judgment dismissing plaintiffs' *alter ego* claim. Plaintiffs do not appear to pursue such a claim, as they do not address it in their response brief. Previously, the Court declined to consider plaintiffs' *alter ego* claim after concluding plaintiffs had pleaded adequately an agency relationship. *See In re Parmalat Sec. Litig.*, 375 F. Supp.2d 278, 296 (S.D.N.Y. 2005).

[2] *In re Parmalat Secur. Litig.*, __ F. Supp.2d ___, No. 04 MD 1653 (LAK), 2009 WL 179920 (S.D.N.Y. Jan. 27, 2009), *reconsideration denied,* __ F. Supp.2d ___, 2009 WL 458624 (filed Feb. 25, 2009).

[3] 28 U.S.C. § 1292(b).

[4] 15 U.S.C. § 78j(b).

Exchange Act.[5]

Section 1292(b) provides that a district judge may certify an order for interlocutory appeal if the judge (1) is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Not every order that satisfies this standard, however, should be certified.[6] Determination of when certification should be granted, assuming satisfaction of the Section 1292(b) criteria, is committed to the discretion of the district court.

This Court is not satisfied either that the criteria of Section 1292(b) are satisfied in this instance or, even if they were, that this would be an appropriate case for certification.

As an initial matter, the effect of *Stoneridge* on common law vicarious liability in the circumstances of this case is not, in this Court's view, a controlling question as to which there is a substantial ground for difference of opinion. It is not controlling because its resolution in Deloitte's favor would leave Deloitte potentially subject to vicarious liability under Section 20(a) of the Exchange Act. And it is not, at least present circumstances, one as to which there is a substantial ground for difference of opinion. The common law principle under which Deloitte has been sued has been established for centuries and applied in federal securities cases for decades. *Stoneridge* did not purport to alter that state of affairs. The fact that the question tendered by Deloitte is, in a

---

[5] 15 U.S.C. § 78t(a).

[6] *See Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865-66 (2d Cir.1996) (interlocutory appeal "rare exception to the final judgment rule"); *Romea v. Heiberger & Assocs., Inc.,* 988 F. Supp. 715, 717 (S.D.N.Y. 1998); *Trinidad v. American Airlines, Inc.,* 932 F. Supp. 521, 528 (S.D.N.Y.1996).

4

technical sense, one of first impression is not dispositive.[7] At least in the absence of persuasive authority to the contrary, the Court does not regard the question as one as to which there is significant room for disagreement. At the moment, the only disagreement on this point is between Deloitte and the Court's ruling[8] although, to be sure, that could change if other courts see things differently in the future.

Second, while district courts in this Circuit differ as to whether a plaintiff seeking to impose control person liability under Section 20(a) for Exchange Act liability must prove culpable participation by the putative control person in order to withstand a motion to dismiss,[9] there is no need for an interlocutory appeal in this case. That issue will reach the Court of Appeals soon enough on an appeal from a final judgment in one of the many other cases in which the issue arises at the pleading stage. There is no need to add to the Court of Appeals' docket to ensure that the issue is presented.

Third, certification here would not offer a signficant likelihood of an appellate ruling that would material advance the ultimate termination of this litigation even as to Deloitte. A ruling in its favor on the *Stoneridge* point would leave the Section 20(a) claim for trial. A ruling in its

---

[7] *E.g., Weber v. U.S. Trustee,* 484 F.3d 154, 159 n.4 (2d Cir. 2007) ("Simply because a question of law has not been authoritatively addressed . . . does not make the question grounds for a substantial difference of opinion.") (internal quotation marks omitted).

[8] *McDaniel v. Mehfoud,* 708 F. Supp. 754, 756 (E.D. Va. 1989).

[9] *See, e.g., In re Parmalat Secur. Litig.*, 2009 WL 179920, at *7 n.83; *In re Bisys Secur. Litig.,* No. 04 Civ. 3840 (LAK)*,* 2005 WL 3078482, at *1 (S.D.N.Y. Nov. 16, 2005)*.*

Of course, the issue here is whether plaintiffs were obliged to adduce evidence from which a jury could find culpable participation in order to withstand summary judgment. The Court, however, regards the two issues as analytically the same.

favor on the Section 20(a) claim would do no more than affect the burden of proof and jury instructions at trial.  Even if Deloitte were to hit the daily double[10] by prevailing on both issues, the case would remain for trial with its scope and duration largely unaffected.

Fourth, Deloitte's contention that an appellate ruling on the Section 20(a) issue alone, whichever way it were decided, would materially advance the trial by resolving issues as to the burden of proof on that claim is unpersuasive.  This case can be submitted to the jury for a special verdict that would result in findings dispositive of the Section 20(a) claims regardless of whether plaintiffs' or Deloitte's view of their respective burdens ultimately were to prevail on appeal.[11]

Finally, Deloitte's reliance on *Zakrzewska v. The New School*[12] is misplaced.  The question certified in that case was whether the affirmative defense to employer liability articulated in *Faragher v. City of Boca Raton*[13] and *Burlington Industries, Inc. v. Ellerth*[14] applies to sexual harassment and retaliation claims under the New York City Human Rights Law.  While the issue is analogous to the questions on which Deloitte seeks certification here, the posture in which it arose

---

[10] The daily double is a wager in which the bettor wins only if it picks the winning horse in each of two races.

[11] For example, the jury might be asked whether (1) plaintiffs had proved that Deloitte controlled Deloitte Italy and participated culpably in the alleged Deloitte Italy fraud, and (2) Deloitte had proved that it acted in good faith and did not induce any Exchange Act violation by Deloitte Italy.

[12] ___ F. Supp.2d ____, No. 06 Civ. 5463 (LAK), 2009 WL 252094 (S.D.N.Y. Jan. 26, 2009).

[13] 524 U.S. 775 (1998).

[14] 524 U.S. 742 (1998).

6

was quite different. In *Zakrzewksa,* the Court first concluded that the defendant was entitled to summary judgment of dismissal if *Faragher-Ellerth* applied but not otherwise. Thus, an appellate ruling in favor of the defendant on the certified question would terminate the lawsuit against it. In this case, however, an appellate ruling in favor of Deloitte would not end or significantly change the scope or duration of this case as to Deloitte.

In all the circumstances, the motion to certify questions to the Court of Appeals [04 MD 1653 docket item 1670, 04 Civ. 0030 docket item 1041] is denied.

SO ORDERED.

Dated:      March 2, 2009

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)