UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION ) | Master Docket No. |
| ) | 04 MD 1653 (LAK) |
| This Document relates to: ) | |
| ) | ECF Case |
| No. 04 Civ. 0030 (LAK) ) | |
| ) | |

[PROPOSED] ORDER CONCERNING DISTRIBUTION
OF NET SETTLEMENT FUND TO AUTHORIZED
CLAIMANTS AND RELATED MATTERS

This matter having come before the Court on Lead Plaintiffs' Motion for Approval of the Distribution Plan for the Net Settlement Fund, and the Court having been fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The motion is granted [DI 1874 in 04 MD 1653; DI 1109 in 04 Cv-0030] as set forth herein.

2. The Court hereby approves the administrative recommendation to accept the Claims where valid Proofs of Claim were filed, as set forth in Exhibit F to the Declaration of Nicole Hamann of Epiq Class Actions & Claims Solutions, Inc. ("Epiq" or the "Claims Administrator") (the "Hamann Declaration"),

3. The Court hereby authorizes the Claims Administrator to deem timely otherwise eligible claims that were submitted after the initial postmark deadline of January 12, 2009 for submission of claims for the settlements with BNL, the Credit Suisse Defendants and Parmalat S.p.A. and after the initial postmark deadline of April 9, 2010 for submission of claims for the settlements with the Deloitte Defendants and with the Grant Thornton Defendants, but before November 19, 2010, as set forth in Exhibit C to the Hamann Declaration, and to treat such claimants as Authorized Claimants;

1

4. The Court hereby authorizes the Claims Administrator to accept otherwise eligible claims whose only defect was the failure to produce documentation of the holdings on the last day of the Class Period, as set forth in Exhibit E to the Hamann Declaration;

5. The Court hereby approves the administrative recommendation of the Claims Administrator to reject the Claims that are wholly ineligible to participate in the Settlement or otherwise involved deficient Proofs of Claim, as set forth in Exhibit G to the Hamann Declaration;

6. The Court hereby approves the Claims Administrator's determinations rejecting or accepting the claims as to which judicial review of the rejection of the claims has been sought, as set forth in Exhibit H to the Hamann Declaration, and overrules in their entirety all such claimants' objections relating to their rejection appeals, which are hereby also dismissed;

7. Epiq is directed to distribute to Authorized Claimants, in proportion to their Recognized Loss Claim amounts, the available balance of the Net Settlement Fund (the "Distribution");

8. In order to allow a final distribution of any balance that may remain in the Net Settlement Fund after the Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks, or otherwise:

a. If determined by Co-Lead Counsel and Epiq to be cost effective, not less than one year after the Distribution is conducted, a further distribution from the Net Settlement Fund shall be conducted, pursuant to which all funds from undeliverable, uncashed, or returned checks, and after payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be

distributed to Authorized Claimants who cashed their Distribution checks and who would receive at least $20 in such further distribution based on their Recognized Claims; and

b.  Whether or not that further redistribution is made, the balance of the Net Settlement Fund, after the Distribution(s) to Authorized Claimants and payment of any unpaid costs or fees incurred in connection with administering the Net Settlement Fund, shall be donated to non-sectarian, not-for-profit, I.R.C. Section 501(c)(3) organization(s) designated at that time by Co-Lead Counsel, and approved by the Court. ~~No further application to the Court is necessary for such donation.~~

9.  The Court hereby approves payment to Epiq out of the Net Settlement Fund of the remaining balance of its fees and expenses in connection with its administration of the Settlement, and also approves payment of Epiq's future incurred Settlement administration related fees and expenses invoiced monthly, subject to the review and approval of the invoices by Co-Lead Counsel;

10.  The Court hereby authorizes the destruction of the paper copies of the Proofs of Claim and all supporting documentation one year after distribution of the Net Settlement Fund, and the destruction of electronic copies of the same three years after distribution of the Net Settlement Fund; and

11.  The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and to grant such other and further relief as this Court deems appropriate.

Dated: 12/21/10

_____
Lewis A. Kaplan, U.S.D.J.

3